UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HADARI STALLWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>BONNIE POLLEY, *et al.*,<br><br>    Defendants. | Case No. 2:20-CV-00032-GMN-VCF<br><br>**ORDER** |

    Plaintiff, who was in the custody of the Clark County Detention Center (CCDC) when he initiated this matter,[1] submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed in forma pauperis (ECF No. 1).

    On January 13, 2021, the Court entered a Screening Order granting Plaintiff's application to proceed *in forma pauperis*. ECF No. 4. The Court also screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *Id.* Section 1915A requires that, before docketing a complaint filed by an inmate, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915A. Similarly, under the Prison Litigation Reform Act (PLRA), a

---

[1]     The Plaintiff has notified the Court that he is no longer detained at CCDC but is now in custody at the High Desert State Prison facility of the Nevada Department of Corrections (NDOC).

federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In its Screening Order, the Court found that, to the extent Plaintiff was asserting a First Amendment free exercise clause and a Fourteenth Amendment equal protection clause claim in Count 1, he had failed to state a colorable claim. ECF No. 4, at 9-10. The Court also found that, to the extent Plaintiff was asserting a Fourteenth Amendment due process clause claim in Count 1, he had failed to state a colorable claim. *Id.* at 13-14. The Court also found that, to the extent Plaintiff was asserting a First Amendment free exercise clause and the Fourteenth Amendment equal protection clause claim in Count 2, he had failed to state a colorable claim. *Id.* at 10-12.

In making these findings, the Court noted the deficiencies of each of Plaintiff's claims. *Id.* at 9-14. The Court dismissed these claims without prejudice for failure to state a claim but with leave to amend. *Id.* at 16-17. The Court also found that Plaintiff failed to state colorable claims against Defendants Bonnie Polley, Officer R.L./P# 12849, Officer A.T./P# 16350, and Officer A.M./P# 6887 and dismissed these defendants without prejudice.[2]

---

[2]  The Court also found that Plaintiff could not state a colorable claim in either Count 1 and 2 to the extent Plaintiff sought relief pursuant to the Religious Land Use and Institutionalized Persons Act of 2000. ECF No. 4 at 11-13. The Court dismissed these counts with prejudice, as amendment was futile, to the extent he sought such relief in these counts. *Id.* at 17.
  The Court also found that Plaintiff could not state a colorable claim against Defendant Clark Court Detention Center and dismissed this defendant with prejudice as amendment was futile. *Id.*

2

The Court granted Plaintiff 30 days from the date the Screening Order was entered—that is, until Friday, February 12, 2021—to file an amended complaint curing the deficiencies of his complaint. The Court specifically notified Plaintiff that, if he failed to file an amended complaint curing the deficiencies of his complaint within this 30-day period, this action would be "dismissed with prejudice for failure to state a claim." Plaintiff did not file an amended complaint within the 30-day period granted by the Court. By failing to timely amend his complaint, Plaintiff has effectively elected to stand upon a complaint that, as this Court previously found, fails to state a cognizable claim. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017).

Accordingly, as Plaintiff filed a complaint that fails to state a cognizable claim, and as the Court notified Plaintiff of the deficiencies of the complaint, and as the Court provided Plaintiff an opportunity to amend his complaint, and as Plaintiff has not amended his complaint, the Court will now dismiss the complaint with prejudice and will enter judgment.

Therefore,

THE COURT **ORDERS** that, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), this action is DISMISSED with prejudice as the complaint fails to state a cognizable claim.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall enter judgment accordingly.

DATED THIS __23__ of February 2021.

_____
Gloria M. Navarro
United States District Judge